ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER HADEN FUIMAONO,<br>Defendant. | CASE NO. 2:26-CR-00147-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: October 23, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 23, 2026.

2. By this stipulation, defendant now moves to continue the status conference until January 15, 2027, and to exclude time between October 23, 2026, and January 15, 2027, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes investigative reports, criminal records, body camera and other video footage, a forensic cellular phone extraction, and related documents, totaling over 48 gigabytes of evidence in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Additionally, the undersigned is working on a pending

discovery request for additional documents.

b) Counsel for defendant desires additional time to consult with his client, to review the current charge, to conduct investigation and research related to the charge, to review and copy the discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 23, 2026 to January 15, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//

//

//

//

//

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 15, 2026

ERIC GRANT
United States Attorney

/s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated: October 15, 2026

/s/ PHILIP ISSA
PHILIP ISSA
Assistant Federal Defender
Counsel for Defendant
Christopher Haden Fuimaono

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on October 15, 2026 (Doc. No. 12), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for October 23, 2026, is VACATED and RESET for January 15, 2027 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between October 23, 2026 and January 15, 2027, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dena Coggins
United States District Judge